DENNIS CUNNINGHAM, SBN 112910
W. GORDON KAUPP, SBN 226141
115 ½ Bartlett Street
San Francisco, California 94110
Telephone: (415) 285-8091
Facsimile: (415) 285-8092

Attorneys for Plaintiff
WILLIAM HENRY COUSINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HENRY COUSINS,<br><br>Plaintiff,<br><br>v.<br><br>BILL LOCKYER, (former) ATTORNEY GENERAL OF CALIFORNIA, in his individual capacity; RICHARD RIMMER (former) DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), in his individual capacity; ROSEANNE CAMPBELL (former) WARDEN OF MULE CREEK STATE (in her individual capacity); the CALIFORNIA DEPARTMENT OF JUSTICE (DOJ), the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); the STATE OF CALIFORNIA; and JOHN/JANE DOES 1 THOUGH 20.<br><br>Defendants. | Case No. C07-01165 JCS<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF CIVIL RIGHTS (and other wrongs)**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. Plaintiff William Henry Cousins seeks compensatory and punitive damages against the Defendant former Attorney General, former Director of the CDCR, former Warden of Mule

1

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Creek State Prison, the named government entities, and other officials and policymakers yet to be identified, for violation of his Federal and California civil rights while he was a prisoner in the custody of the California Department of Corrections. The violation occurred when the defendants, having responsibility for Plaintiff's custody, failed to release him within a reasonable amount of time after the penal statute he was convicted under was overturned by the California Court of Appeal as unconstitutionally vague. Instead Mr. Cousins remained incarcerated for approximately one and a half years after his conviction was made void.

2. Mr. Cousins seeks damages in an amount that will resound throughout officialdom as a warning against such callous neglect of prisoners' most fundamental right, and suggests the possibility that equitable relief may also be appropriate with respect to others who may still be confined without lawful basis, as he was.

## II. JURISDICTION AND VENUE

3. This cause of action arises under the Due Process Clause of the Fourteenth Amendment to the United States Constitution through the Civil Rights Acts, 42 U.S.C. § 1983 *et seq.*, federal common law, the California Constitution Article 1 § 1, 7, and 13, California common law, and Cal. Civil Code § 52.1. This Court has jurisdiction of these claims under the Judicial Code, 28 U.S.C. § 1331 and 1343. The Court has pendent jurisdiction of the state law claims under 28 U.S.C. § 1367.

4. Venue is proper in this district because the Plaintiff resides in Alameda County.

5. Plaintiff submitted a timely Gov't Code § 910 claim against the California Attorney General, Warden of Mule Creek State Prison, the Director and Secretary of the Department of Corrections and Rehabilitation (CDCR), the California Department of Corrections and Rehabilitation, and the State of California on December 1, 2005, which was denied on August 31, 2006, making this lawsuit timely and necessary.

## III. PARTIES

6. Plaintiff William Henry Cousins is a resident of Alameda County, California.

7. Defendants include BILL LOCKYER, the former Attorney General of California, former CDCR Director RIMMER, the former warden of Mule Creek State Prison, where the

plaintiff was confined, JOE DOAKES; the Department of Justice and the Department of Corrections and Rehabilitation of the State of California as the responsible agencies with respect to the claims under state law; and John and Jane Does Nos. 1—X, who were the unknown, named subordinate and assistant officials in the two departments who had the knowledge and/or responsibility to ensure that plaintiff's incarceration was ended once the legal basis for it was removed by the Court of Appeal's decision. All references within to "Defendants", plural, include these Doe Defendants. Plaintiff will move to substitute their true names after they become known.

## IV. SCOPE OF EMPLOYMENT; JOINT AND SEVERAL LIABILITY; NON-IMMUNITY

8. The individual defendants, including all individual Doe defendants, carried out the acts and omissions complained of in their individual capacities, under color of state law, in the course and scope of their employment. The entity defendants – the CDCR, and the California Attorney General,– are each liable in *respondeat superior* for the intentional torts of their employees. Cal. Gov't Code § 815.2.

9. The Defendants are all jointly and severally liable for any damages awarded. Under Cal. Government Code § 825(a), the Department of Justice and the CDCR, are obligated to pay any compensatory damages and costs awarded against their employees.

10. Regarding all actions and causes of action herein alleged and stated, all Defendants, including all Doe Defendants, violated rights held by the Plaintiff (and others similarly situated, if any there be) which were clearly established, and which they had a mandatory duty to protect and uphold, and no reasonable official in the Defendants' positions could have believed that such dereliction was lawful or within the bounds of reasonable discretion. All individual Defendants, including all individual Doe Defendants, thus lack qualified or statutory immunity from suit or liability.

## V. FACTUAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

11. On June 2, 1999, Mr. William Henry Cousins was arrested in San Jose, California and charged in a felony complaint with a violation of Penal Code § 290(g)(2), Failure to Register with Police Department Within Five Days of Coming into the City. On October 1, 1999, the Santa Clara County District Attorney's office filed a two-count information charging Mr. Cousins with two violations of § 290(g)(2): Count One, 290(a)(1)(A), Failing to Register As A Sex Offender, With A Felony Conviction and Count Two, § 290(f)(1), Failing To Inform Law Enforcement Agency of New Address Where Registration Is Based On A Felony Conviction.

12. Mr. Cousins was convicted by a jury on January 12, 2000 of Count Two of the information and sentenced to an indeterminate term of 25 years to life and placed into the custody of the California Department of Corrections and Rehabilitation on or around January 2000.

13. Appeal of the judgment was affirmed by the Sixth District Court of Appeal on November 1, 2002. A petition for rehearing was denied by the Sixth District Court of Appeal on November 25, 2002. A Petition for Review was denied by the California Supreme Court on February 2, 2003.

14. On or about October 8, 2003, the California Court of Appeal, First Appellate District, in *People v. North* (2003) 112 Cal.App.4th 621, declared Penal Code § 290(f)(1) to be void for vagueness and thus unconstitutional. The State failed to appeal the appellate court's decision, thus on October 8, 2003 it became settled law that Cal. Penal Code § 290(f)(1) was unconstitutional. Once the statute was overturned, all prior convictions based on the statute were no longer valid. At this point the State of California and the Department of Corrections no longer had the authority to hold Mr. Cousins in custody.

15. The Attorney General, as chief law enforcement officer of the state, knew or should have known that the court's ruling overturned the statute on which Mr. Cousins was convicted and being held in prison. The Attorney General had a duty to inform various officials in the CDCR including, but not limited to, the Director of the CDCR, as well as the Warden of Mule

4

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

1  Creek. Furthermore, the Attorney General had notice or should have had notice of the change in
2  the law because his office were counsel in *People v. North*.

3      16. The CDCR and/or the Warden of Mule Creek State Prison had a duty to investigate
4  what prisoners in their custody would have their sentences affected by this change in law, and
5  discover that Mr. Cousins should have been released. By failing to release him, RIMMER,
6  Director of the California Department of Corrections and Rehabilitation, CAMPBELL, Warden
7  of Mule Creek State Prison, and various other Doe Defendants breached the duty they had to
8  Plaintiff, and any other persons similarly situated, which caused the harm complained of herein.

9      17. Likewise, the Director of the CDCR and the Warden of Mule Creek had a duty to
10 discover when statutes in the Penal Code are invalidated, therefore they knew or should have
11 known of the unconstitutionality of the statute. Furthermore, they had a duty to discover who
12 was incarcerated under the invalid statute, as well as a duty to determine the effect on all
13 sentences affected by the change in law, including whether any person was no longer lawfully in
14 their custody and therefore entitled to immediate release.

15     18. Because these officials failed to abide by this duty, Mr. Cousins was forced to file a
16 writ of habeas corpus pursuant to *People v. North*. This resulted in his eventual release,
17 approximately 1 year and 7 months after he should have been freed.

18     19. All defendants named in this Complaint failed in their duty to act upon the change in
19 law, locate inmates in custody whose sentences were effected and alter those sentences,
20 including to process and release those individuals entitled to release.

21     20. During his prolonged detention at Mule Creek State Prison, Plaintiff was substantially
22 deprived of his liberty without due process of law. In addition, he was subjected to frequent strip
23 searches; handled roughly by prison guards; subject to terror and the threat of imminent violence
24 due to constant fights breaking out around him, including stabbings; being subjected to extreme
25 deprivation of his liberty through periodic lock-downs which include no access to the outdoor
26 yard, no phone calls, and granted a shower only every couple of days; among other harms
27 suffered as a consequence of the prolonged detention.
28

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

21. Plaintiff, is informed and believes that there was possibly an unknown number of other prisoners whose sentences were affected by the invalidation of Penal Code § 290(f)(1), which the Defendants knew or should have known would remove the lawful basis for the custody.

## VI. CAUSES OF ACTION

**ONE: Violation of Due Process**
**Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983;**
**Art. I §§ 1, and 7 of the California Constitution**
**Cal. Gov't Code §§ 815.2 and 815.6;**
**Against all Defendants**

22. Based on the conduct alleged above, Defendants, and each of them, are liable to Plaintiff and possibly others for failing to release them after the lawful basis for their seizure, detention, or incarceration ceased to exist. Plaintiff suffered a deprivation of liberty without due process of law, entitling him to bring suit and to recover damages pursuant to 42 U.S.C. § 1983. In addition, Plaintiffs contend that this violation of their right to due process occurred pursuant to policies, practices or customs of both agencies. As a direct and proximate cause of the aforementioned actions of the Defendants, Plaintiffs was injured as set forth above, thereby entitling him to damages.

**TWO: Unreasonable Seizure**
**Fourth Amendment to the United States Constitution, 42 U.S.C. § 1983;**
**Art. I § 13 of the California Constitution**
**Cal. Gov't Code §§ 815.2 and 815.6;**
**Against all Defendants**

23. Based on the conduct alleged above, Defendants, and each of them, are liable to Plaintiff for violating his rights against unreasonable seizure under the Fourth Amendment to the United States Constitution, and Article I § 13 of the California Constitution. Plaintiff, and possibly others, were subjected to an unreasonable seizure when they continued to be detained and incarcerated without any lawful basis for a prolonged period of time after the previous basis was severed by the ruling in *North*. As a direct and proximate cause of the aforementioned acts and omissions of the Defendants, Plaintiff was injured as set forth above.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### THREE: Cruel and Unusual Punishment
### Eighth Amendment to the United States Constitution, 42 U.S.C. § 1983;
### Against All Defendants

24. Based on the conduct alleged above, Defendants, and each of them, are liable to Plaintiff for violating his right to be free from cruel and unusual punishment, under the Eighth Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983. As a direct and proximate cause of the aforementioned acts and omissions of the Defendants, Plaintiff was injured as set forth above.

### FOUR: False Arrest and Imprisonment
### Cal. Civil Code §§ 1708 and 3333;
### Cal. Cal. Gov't Code §§ 815.2 and 815.6.
### and California Common Law
### Against All Defendants

25. Based on the conduct alleged above, Defendants, and each of them, are liable to the Plaintiff for false arrest and imprisonment under California law by failing to release him from custody after the lawful basis for their custody ceased to exist. As a direct and proximate cause of the aforementioned acts and omissions of the Defendants, they are liable to the Plaintiff who was injured as set forth above.

### FIVE: Violation of California Civil Rights
### *Bane Act*, Cal. Civil Code §§ 52.1 and 52;
### Against All Defendants

26. Based on the conduct alleged above, Defendants, and each of them, are liable to Plaintiff for violation of his California civil rights enshrined in the *Bane Act*, Cal Civil Code § 52.1, in that they interfered by threats, intimidation, or coercion with the Plaintiff's rights to due process, to be free from unreasonable seizure, to be free from false arrest/prolonged detention, and to be free from cruel and unusual punishment pursuant to the United States and California Constitutions, Cal. Civil Code §§ 1708 and 3333, and California common law. As a direct and proximate result of Defendants' violations of Plaintiff's civil rights under the *Bane Act*, Plaintiff has suffered harm. Pursuant to Cal. Civil Code § 52, Plaintiff is entitled to an award of up to

three times their actual damages, to exemplary damages, in an amount to be determined by the Jury; to a civil penalty of $25,000, for each violation of his rights; and to attorney's fees to be determined by the Court.

### SIX: Intentional and Negligent Infliction of Emotional Distress
### California Common Law; Cal. Civil Code §§ 1708 and 3333
### All Defendants

27. Based on the conduct alleged above, Defendants, and each of them, are liable to Plaintiff for the emotional distress when they failed in their duty to effectuate his release by unnecessarily subjecting him to the terror and perils of incarceration; the deprivation of liberty; being subjected to unnecessary strip searches; fear of imminent harm from frequent fights; including stabbings. Defendants were the direct and proximate cause of such harm and are therefore liable to the Plaintiff for his emotional distress.

### SEVEN: Negligence
### California Common Law; Cal. Civil Code §§ 1708 and 3333
### All Defendants

28. Based on the conduct alleged above Defendants, and each of them, breached their duties to Plaintiff to exercise reasonable care in the performance of their official duties, and their duties to release those who they no longer have lawful custody of pursuant to agency policies, customs, or practices and thereby proximately and foreseeably caused Plaintiff's injuries, damages and losses.

29. In addition, the State of California and the various Defendant agencies are each liable to Plaintiff for negligently training and supervising their employees.

## VII. DAMAGES AND REMEDIES

30. As an actual and proximate result of the wrongs complained of, the Plaintiff has suffered and is therefore entitled to general and special compensatory damages in an amount to be determined by the trier of fact.

31. In addition, the individual Defendants (including the Doe Defendants) are liable to the Plaintiff for punitive (exemplary) damages for their conduct, in amounts to be determined by the trier of fact.

### VIII. JURY TRIAL DEMAND

32. Plaintiff demands a trial by jury as to each and every count against each and every Defendant.

### IX. PRAYER FOR RELIEF

33. **WHEREFORE**, plaintiff prays for relief as follows:

(1) for general and special compensatory damages, in amounts to be determined by the trier of fact;

(2) for punitive (exemplary) damages against the individual defendants, in amounts to be determined by the trier of fact;

(3) for three times the actual damages awarded, and for a civil penalty of $25,000 for each violation which occurred, pursuant to Cal. Civil Code §§ 52.1 and 52(a),(b);

(4) for reasonable attorney's fees and costs and expenses of litigation, pursuant to 42 U.S.C. 1988, Cal. Code of Civil Procedure § 1021.5, and Civil Code § 52(b)(3); and

(5) for such other relief as the Court deems just and proper.

DATED: February 27, 2007

Respectfully Submitted,

W. GORDON KAUPP
DENNIS CUNNINGHAM
Attorneys for William Henry Cousins

By: _____
GORDON KAUPP