DENNIS CUNNINGHAM, SBN 112910
W. GORDON KAUPP, SBN 226141
115 ½ Bartlett Street
San Francisco, California 94110
Telephone: (415) 285-8091
Facsimile: (415) 285-8092

Attorneys for Plaintiff
WILLIAM HENRY COUSINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAM HENRY COUSINS,<br><br>  Plaintiff,<br><br>  v.<br><br>BILL LOCKYER, (former) ATTORNEY GENERAL OF CALIFORNIA, in his individual capacity; RICHARD RIMMER (former) DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), in his individual capacity; ROSEANNE CAMPBELL (former) WARDEN OF MULE CREEK STATE (in her individual capacity); and JOHN/JANE DOES 1 THOUGH x.<br><br>  Defendants. | Case No. C-07-01165 SBA<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS (and other wrongs)**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. Plaintiff William Henry Cousins seeks compensatory and punitive damages against the Defendants former Attorney General, former Director of the California Department of Corrections and Rehabilitation (CDCR), former Warden of Mule Creek State Prison and other officials and policymakers, in their individual capacities, yet to be identified, for violation of his Federal and California civil rights while he was a prisoner in the custody of the California

1

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Department of Justice (DOJ) through the California Department of Corrections and Rehabilitation. The violations occurred when the Defendants, having responsibility for Plaintiff's custody and after the lawful basis for his custody vanished, failed to take steps to cause his release. Specifically, Defendants failed in their duty to notify the trial court that Plaintiff's sentence was no longer authorized, due to the law he was convicted and imprisoned under, Cal. Penal Code § 290(f), being overturned as unconstitutionally vague. Therefore, the Defendants caused Plaintiff's prolonged incarceration when they knew or should have known that, since the relevant statute was overturned in its entirety (and that no appeal would be taken), the trial court would be ready to vacate his sentence, and failed to act. As a result, Mr. Cousins remained incarcerated for approximately one and a half years after the lawful authority for his incarceration ceased to exist.

2.  Mr. Cousins seeks damages in an amount that will resound throughout the justice system to serve as a warning against such callous neglect of peoples' most fundamental right, and suggests the possibility that equitable relief may also be appropriate with respect to others who may still be confined without lawful basis, as he was.

## II. JURISDICTION AND VENUE

3.  This cause of action arises under the Due Process Clause of the Fourteenth Amendment to the United States Constitution through the Civil Rights Acts, 42 U.S.C. § 1983 *et seq.*, federal common law, the California Constitution Article 1 § 1, 7, and 13, California common law, and Cal. Civil Code § 52.1. This Court has jurisdiction of these claims under the Judicial Code, 28 U.S.C. § 1331 and 1343. The Court has pendent jurisdiction of the state law claims under 28 U.S.C. § 1367.

4.  Venue is proper in this district because the Plaintiff resides in Alameda County.

5.  Plaintiff submitted a timely Gov't Code § 910 claim against the California Attorney General, Warden of Mule Creek State Prison, the Director and Secretary of the Department of Corrections and Rehabilitation (CDCR), the California Department of Corrections and Rehabilitation, and the State of California on December 1, 2005, which was denied on August 31, 2006, making this lawsuit timely and necessary.

### III. PARTIES

6. Plaintiff William Henry Cousins is a resident of Alameda County, California.

7. Defendants, sued in their individual capacities, include BILL LOCKYER, the former Attorney General of California, former CDCR Director RICHARD RIMMER, the former warden of Mule Creek State Prison, where the plaintiff was confined, ROSANNE CAMPBELL; and John and Jane Does Nos. 1—x, who are the unknown, unnamed subordinate and assistant officials in the two departments who had the knowledge and/or responsibility to ensure Plaintiff's incarceration was ended by taking steps to cause Plaintiff's release. All references within to "Defendants", plural, include these Doe Defendants. Plaintiff will move to substitute their true names after they become known.

### IV. SCOPE OF EMPLOYMENT;
### JOINT AND SEVERAL LIABILITY; NON-IMMUNITY

8. The individual defendants, including all individual Doe Defendants, carried out the acts and omissions complained of in their individual capacities, under color of state law, in the course and scope of their employment.

9. Regarding all actions and causes of action herein alleged and stated, all Defendants, including all Doe Defendants, violated rights held by the Plaintiff (and others similarly situated, if any there be) which were clearly established, and which they had a mandatory duty to protect and uphold, and no reasonable official in the Defendants' positions could have believed that such dereliction was lawful or within the bounds of reasonable discretion. All individual Defendants, including all individual Doe Defendants, thus lack qualified or statutory immunity from suit or liability.

### V. FACTUAL ALLEGATIONS
### COMMON TO ALL CAUSES OF ACTION

10. On June 2, 1999, Mr. William Henry Cousins was arrested in San Jose, California and charged in a felony complaint with a violation of Penal Code § 290(g)(2), Failure to Register with Police Department Within Five Days of Coming into the City. On October 1, 1999, the Santa Clara County District Attorney's office filed a two-count information charging Mr.

1  Cousins with two violations of § 290(g)(2):  Count One, 290(a)(1)(A), Failing to Register As A
2  Sex Offender, With A Felony Conviction and Count Two, § 290(f)(1), Failing To Inform Law
3  Enforcement Agency of New Address Where Registration Is Based On A Felony Conviction.

4      11. Mr. Cousins was convicted by a jury on January 12, 2000 of Count Two of the
5  information and sentenced to an indeterminate term of 25 years to life and placed into the
6  custody of the California Department of Corrections and Rehabilitation on or around January
7  2000.

8      12. Appeal of the judgment was affirmed by the Sixth District Court of Appeal on
9  November 1, 2002.  A petition for rehearing was denied by the Sixth District Court of Appeal on
10 November 25, 2002.  A Petition for Review was denied by the California Supreme Court on
11 February 2, 2003.

12     13. On or about October 8, 2003, the California Court of Appeal, First Appellate District,
13 in *People v. North* (2003) 112 Cal.App.4th 621, declared Penal Code § 290(f)(1) to be void for
14 vagueness and thus unconstitutional.  The State failed to appeal the appellate court's decision,
15 thus on October 8, 2003 it became settled law that Cal. Penal Code § 290(f)(1) was
16 unconstitutional.

17     14. The Defendants knew or should have known that once the statute was overturned as
18 unconstitutionally vague that the trial court would be prepared to vacate any sentence imposed
19 pursuant to the now void statute.  After the statute was overturned, and it became settled law, the
20 Defendants, on information and belief, failed to take any action to determine whether any
21 persons in their custody would be directly affected by the change in law.  Defendants also failed
22 to take any action to bring it to the attention of the trial court where Plaintiff was sentenced
23 regarding the change in law, so that his sentence could be changed accordingly.  On information
24 and belief, Defendants also failed to maintain a regular practice by which they track changes in
25 the law and take reasonable steps when those changes implicate the liberty interests of persons in
26 their custody.

27     15. The Attorney General, as the head custodian and chief law enforcement officer of the
28 state, knew or should have known that the court's ruling overturned the statute on which Mr.

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

1 Cousins was convicted and incarcerated. The Attorney General had a duty to inform the trial
2 court in Mr. Cousin's conviction and various officials in the CDCR including, but not limited to,
3 the Director of the CDCR, as well as the Warden of Mule Creek. Furthermore, the Attorney
4 General had notice or should have had notice of the change in the law because his office were
5 counsel in *People v. North*.

6     16. Likewise, the Director of the CDCR and the Warden of Mule Creek had a duty to
7 discover when statutes in the Penal Code are invalidated, therefore they knew or should have
8 known of the unconstitutionality of the statute and its effect on prisoners in their custody.
9 Furthermore, they had a duty to discover who was incarcerated under the invalid statute, as well
10 as a duty to determine the effect on all sentences affected by the change in law, including
11 whether any person would be entitled to immediate or earlier release. After making such a
12 determination, Defendants were under a duty to inform the trial court that Plaintiffs sentence was
13 no longer authorized by law. By failing to take these steps to effectuate Plaintiff's release these
14 Defendants breached their duty to Plaintiff, and any others similarly situated, which caused the
15 harm complained of herein.

16     17. Mr. Cousins was released approximately 1 year and 7 months after he should have been
17 freed.

18     18. All Defendants named in this First Amended Complaint failed in their duty to act upon
19 the change in law, locate inmates in custody whose sentences were effected and inform the
20 relevant tribunals. The Defendants have also failed to maintain an institutionalized practice that
21 follows changes in the law that directly affect the incarceration of persons in their custody and to
22 address those changes through the recalculation of sentences or by informing the trial court.

23     19. During his prolonged detention at Mule Creek State Prison, Plaintiff was substantially
24 deprived of his liberty without due process of law. In addition, he was subjected to frequent strip
25 searches; handled roughly by prison guards; subject to terror and the threat of imminent violence
26 due to constant fights breaking out around him, including stabbings; being subjected to extreme
27 deprivation of his liberty through periodic lock-downs which include no access to the outdoor
28

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

yard, no phone calls, and granted a shower only every couple of days; among other harms suffered as a consequence of the prolonged detention.

20. Plaintiff is informed and believes that there are possibly an unknown number of other prisoners whose sentences were affected by the invalidation of Penal Code § 290(f)(1), who remain in custody beyond the expiration of any lawful authority or who may be entitled to a reduction in their current sentence.

## VI.  CAUSES OF ACTION

**ONE**:  **Violation of Due Process**
**Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983;**
**Art. I §§ 1, and 7 of the California Constitution**
**Cal. Gov't Code §§ 815.2 and 815.6;**
**Against all Defendants**

21.  Based on the conduct alleged above, Defendants, and each of them, are liable to Plaintiff, and possibly others, for failing to release him, or take steps to cause Plaintiff's release, after the lawful basis for his seizure, detention, or incarceration ceased to exist.  Plaintiff suffered a deprivation of liberty without due process of law, entitling him to bring suit and to recover damages pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff contends that this violation of his right to due process occurred pursuant to policies, practices or customs maintained by these Defendants. As a direct and proximate cause of the aforementioned actions of the Defendants, Plaintiff was injured as set forth above, thereby entitling him to damages.

**TWO**:  **Unreasonable Seizure**
**Fourth Amendment to the United States Constitution, 42 U.S.C. § 1983;**
**Art. I § 13 of the California Constitution**
**Cal. Gov't Code §§ 815.2 and 815.6;**
**Against all Defendants**

22. Based on the conduct alleged above, Defendants, and each of them, are liable to Plaintiff for violating his rights against unreasonable seizure under the Fourth Amendment to the United States Constitution, and Article I § 13 of the California Constitution.  Plaintiff, and possibly others, was subject to an unreasonable seizure when he continued to be detained and incarcerated without any lawful basis for a prolonged period of time after the basis for his

custody was severed by the ruling in *North*. As a direct and proximate cause of the aforementioned acts and omissions of the Defendants, Plaintiff was injured as set forth above.

**THREE**: **Cruel and Unusual Punishment**
**Eighth Amendment to the United States Constitution, 42 U.S.C. § 1983;**
**Against All Defendants**

23. Based on the conduct alleged above, Defendants, and each of them, are liable to Plaintiff for violating his right to be free from cruel and unusual punishment, under the Eighth Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983. Plaintiff suffered detention beyond a reasonable time due to the deliberate indifference by Defendants to Plaintiff's liberty interest. As a direct and proximate cause of the aforementioned acts and omissions of the Defendants, Plaintiff was injured as set forth above.

**FOUR**: **False Arrest and Imprisonment**
**Cal. Civil Code §§ 1708 and 3333;**
**Cal. Cal. Gov't Code §§ 815.2 and 815.6.**
**and California Common Law**
**Against All Defendants**

24. Based on the conduct alleged above, Defendants, and each of them, are liable to the Plaintiff for false arrest and imprisonment under California law by failing to release him from custody, or to cause his release from custody, when they knew or should have known that the lawful basis for his custody ceased to exist. As a direct and proximate cause of the aforementioned acts and omissions of the Defendants, they are liable to the Plaintiff who was injured as set forth above.

**FIVE**: **Violation of California Civil Rights**
***Bane Act*, Cal. Civil Code §§ 52.1 and 52;**
**Against All Defendants**

25. Based on the conduct alleged above, Defendants, and each of them, are liable to Plaintiff for violation of his California civil rights enshrined in the *Bane Act*, Cal Civil Code § 52.1, in that they interfered by threats, intimidation, or coercion with the Plaintiff's rights to due process, to be free from unreasonable seizure, to be free from false arrest/prolonged detention,

and to be free from cruel and unusual punishment pursuant to the United States and California Constitutions, Cal. Civil Code §§ 1708 and 3333, and California common law. As a direct and proximate result of Defendants' violations of Plaintiff's civil rights under the *Bane Act*, Plaintiff has suffered harm. Pursuant to Cal. Civil Code § 52, Plaintiff is entitled to an award of up to three times their actual damages, to exemplary damages, in an amount to be determined by the Jury; to a civil penalty of $25,000, for each violation of his rights; and to attorney's fees to be determined by the Court.

**SIX**: **Negligent Infliction of Emotional Distress**
**California Common Law; Cal. Civil Code §§ 1708 and 3333**
**All Defendants**

26. Based on the conduct alleged above, Defendants, and each of them, are liable to Plaintiff for the emotional distress when they failed in their duty to effectuate his release and therefore unnecessarily subjected him to the terror and perils of incarceration; the deprivation of liberty; being subjected to unnecessary strip searches; and the ongoing fear of imminent harm from frequent violence, including stabbings and riots. Defendants were the direct and proximate cause of such harm and are therefore liable to the Plaintiff for his emotional distress.

**SEVEN**: **Negligence**
**California Common Law; Cal. Civil Code §§ 1708 and 3333**
**All Defendants**

27. Based on the conduct alleged above Defendants, and each of them, breached their duties to Plaintiff to exercise reasonable care in the performance of their official duties, and their duties to release those who they no longer have lawful custody of pursuant to agency policies, customs, or practices and thereby proximately and foreseeably caused Plaintiff's injuries, damages and losses.

### VII. DAMAGES AND REMEDIES

28. As an actual and proximate result of the wrongs complained of, the Plaintiff has suffered and is therefore entitled to general and special compensatory damages in an amount to be determined by the trier of fact.

29. In addition, the individual Defendants (including the Doe Defendants) are liable to the Plaintiff for punitive (exemplary) damages for their conduct, in amounts to be determined by the trier of fact.

### VIII. JURY TRIAL DEMAND

30. Plaintiff demands a trial by jury as to each and every count against each and every Defendant.

### IX. PRAYER FOR RELIEF

31. **WHEREFORE**, plaintiff prays for relief as follows:

(1) for general and special compensatory damages, in amounts to be determined by the trier of fact;

(2) for punitive (exemplary) damages against the individual defendants, in amounts to be determined by the trier of fact;

(3) for three times the actual damages awarded, and for a civil penalty of $25,000 for each violation which occurred, pursuant to Cal. Civil Code §§ 52.1 and 52(a),(b);

(4) for reasonable attorney's fees and costs and expenses of litigation, pursuant to 42 U.S.C. 1988, Cal. Code of Civil Procedure § 1021.5, and Civil Code § 52(b)(3); and

(5) for such other relief as the Court deems just and proper.

Respectfully Submitted,

DATED: August 27, 2007

W. GORDON KAUPP
DENNIS CUNNINGHAM
Attorneys for William Henry Cousins

By: */s/ Gordon Kaupp*
GORDON KAUPP