1   DENNIS CUNNINGHAM, SBN 112910
W. GORDON KAUPP, SBN 226141
2   115 ½ Bartlett Street
3   San Francisco, California 94110
Telephone: (415) 285-8091
4   Facsimile: (415) 285-8092

5   Attorneys for Plaintiff

6
EDMUND G. BROWN JR., Attorney General
7   of the State of California
TYLER B. PON
8   Supervising Deputy Attorney General
WILFRED T. FONG (State Bar No. 154303)
9   Deputy Attorney General
1515 Clay Street
10   P.O. Box 70550
Oakland, CA 94612-0550
11   Telephone: (510) 622-2114
Facsimile: (510) 622-2121
12

13   Attorneys for Defendants

14            UNITED STATES DISTRICT COURT

15      NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

16   WILLIAM HENRY COUSINS,

17                                    Case No. C-07-01165 SBA
              Plaintiff,
18
        v.
19
20   BILL LOCKYER, (former) ATTORNEY      **JOINT CASE MANAGEMENT**
     GENERAL OF CALIFORNIA, in his       **CONFERENCE STATEMENT**
21   individual capacity; RICHARD RIMMER
     (former) DIRECTOR OF THE            DATE:  September 12, 2007
22   CALIFORNIA DEPARTMENT OF            TIME:   2:30 p.m.
     CORRECTIONS AND REHABILITATION      LOCATION: Appearing telephonically
23   (CDCR), in his individual capacity;
     ROSEANNE CAMPBELL (former)          **Honorable Phyllis J. Hamilton**
24   WARDEN OF MULE CREEK STATE (in
     her individual capacity); and JOHN/JANE
25   DOES 1 THROUGH x.

26            Defendants.

27

28

_LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca_

1.    Jurisdiction and Service

Defendants do not dispute that jurisdiction and venue are proper pursuant to 42 U.S.C. § 1983, however, defendants dispute that there is any factual basis for such claims.  Defendants have accepted or waived service, including acceptance by counsel for all defendants of service of the First Amended Complaint.  Defendants reserve the right to challenge, by a motion to dismiss, Plaintiff's First Amended Complaint based on lack of subject matter jurisdiction, immunities, or any other proper ground as may be applicable.

2.    Facts

*According to Plaintiffs*

On January 12, 2000, Plaintiff was convicted of Cal. Penal Code § 290(f)(1), Failing To Inform Law Enforcement Agency of New Address Where Registration Is Based On A Felony Conviction, and sentenced to an indeterminate term of 25 years to life.  Mr. Cousins was placed into the custody of the California Department of Corrections and Rehabilitation on or around January 2000.

The lawful basis for Mr. Cousin's incarceration was removed on October 8, 2003 when the sole statute Plaintiff was convicted under was declared unconstitutional by the California Court of Appeal, First Appellate District, in *People v. North* (2003) 112 Cal.App.4[th] 621.  The State, represented by the office of the California Attorney General, failed to appeal the decision, thus on October 8, 2003 it became settled law that Cal. Penal Code § 290(f)(1) was unconstitutional.

Plaintiff is informed and believes that after the change in law Defendants made no effort to discover whether the sentences of persons in their custody were affected by the change in law.  Nor did they inform the trial court that Plaintiff's sentence was discrepant despite the California Supreme Court's clear ruling in *In re Sandel*, 64 Cal.2d 412 (1966).

Mr. Cousins was held for approximately 1 year and 7 months after he should have been freed, until the California Supreme Court issued an Order to show cause to the Director of the Department of Corrections and Rehabilitation to explain why the Plaintiff should not be released, and the Santa Clara County District Attorney's office conceded that Plaintiff's petition for writ

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

2

of habeas corpus should issue. The writ was conceded, according to the assistant district attorney, because "[a] conviction under an unconstitutional statute is a denial of due process and invalid."

Plaintiff is informed and believes that there are an unknown number of other prisoners whose sentences were affected by the invalidation of Penal Code § 290(f)(1), who remain in custody beyond the expiration of any lawful authority, or who may be entitled to a reduction in their current sentence, or release.

*According to Defendants*

Defendants contend that the facts of this case did not create any legal duty, giving rise to civil liability, owed to plaintiff.

3.    Legal Issues

*According to Plaintiff*

Plaintiff argues that Defendants were under a constitutional duty to take steps to effect his release after it became known that there was no longer a lawful basis for his incarceration. Plaintiff disputes Defendants' claim of qualified or prosecutorial immunity.

*According to Defendants*

Defendants contend that they owed no legal duty to plaintiff in this case.

4.    Motions

Plaintiff anticipates filing a Motion for Summary Judgment as to Defendants' liability for Plaintiff's prolonged detention.

Defendants anticipate filing a motion to dismiss the First Amended Complaint.

5.    Amendment of Pleadings

Plaintiff anticipates no further amendments to the pleadings.

6.    Evidence Preservation

Plaintiff requests that all records pertaining to persons responsible for maintaining or establishing a system or practice of tracking changes in law and determining the effect on incarcerated persons be preserved.

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

3

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca

7.    <u>Disclosures</u>

Counsel for the parties are working cooperatively to exchange material in a complete and cost effective manner.

8.    <u>Discovery</u>

No discovery has been undertaken to date.  From the perspective of Plaintiff initial discovery should include disclosure of the names and positions of persons most knowledgeable of the responsibilities and duties that Plaintiff asserts were owed to him.

9.    <u>Class Actions</u>

As noted, there may well be other prisoners in the same situation.

10.    <u>Related Cases</u>

None.

11.    <u>Relief</u>

Plaintiff will seek compensatory and punitive damages to be determined by the trier of fact, and such other relief as may be called for in regards to others similarly situated.

12.    <u>Settlement and ADR</u>

***According to Plaintiffs:***

Plaintiff believes that a settlement conference with a Magistrate Judge after the dispositive motions are decided could prove worthwhile.

***According to Defendants:***

Defendants are agreeble to a settlement conference after the Court rules on dispositve motions.

13.    <u>Consent to Magistrate Judge for All Purposes</u>

Defendants have declined to proceed before a Magistrate Judge.

14.    <u>Other References</u>

The case is not suitable for binding arbitration, a special master or other references.

15.    <u>Narrowing of Issues</u>

The issue of whether Defendants owed Plaintiff a duty is still being discussed between counsel; however, it appears that motions will be necessary to address these matters.

16.    Expedited Schedule

Not applicable.

17.    Scheduling

Proposed dates:

| | |
|---|---|
| Discovery Cut-Off  (Fact) | March 3, 2008 |
| Designation of Experts | April 7, 2008 |
| Expert Discovery Cut-Off | June 2, 2008 |
| Hearing of Dispositive Motions | August 11, 2008 |
| Pre-Trial Conference | October 6, 2008 |
| Trial | October 13, 2008 |

18.    Trial

All parties demand trial by jury.

19.    Disclosure of Non-Party Interested Entities or Persons

None.

20.    Other

None.

Dated:  September 6, 2007          LAW OFFICE OF DENNIS CUNNINGHAM

By:    /s/ Gordon Kaupp
       W. GORDON KAUPP
       Attorneys for Plaintiff

Dated:  September 6, 2007          OFFICE OF THE
                                   CALIFORNIA ATTORNEY GENERAL

By:    /s/ Wil Fong
       WILFRED T. FONG
       Attorneys for Defendants

5

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

LAW OFFICE OF DENNIS CUNNINGHAM
San Francisco, Ca