1  EDMUND G. BROWN JR., Attorney General
    of the State of California
2  TYLER B. PON
    Supervising Deputy Attorney General
3  WILFRED T. FONG (State Bar No. 154303)
    Deputy Attorney General
4  1515 Clay Street
   P.O. Box 70550
5  Oakland, CA 94612-0550
   Telephone: (510) 622-2114
6  Facsimile:  (510) 622-2121

7  Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM HENRY COUSINS,<br><br>                Plaintiff,<br><br>        v.<br><br>BILL LOCKYER, (former) ATTORNEY GENERAL OF CALIFORNIA, in his individual capacity; RICHARD RIMMER, (former) DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), in his individual capacity; ROSEANNE CAMPBELL, (former) WARDEN OF MULE CREEK STATE PRISON, in her individual capacity; and JOHN/JANE DOES 1 THROUGH x,<br><br>                Defendants. | CASE NO. C07-01165 SBA<br><br>**NOTICE OF MOTION; MOTION BY DEFENDANTS TO DISMISS FIRST AMENDED COMPLAINT [F.R.C.P. 12(b)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: October 30 , 2007<br>Time: 1:00 p.m.<br>Courtroom: 3, 3rd Floor<br>Judge:  Hon. Saundra Brown Armstrong<br>Address:  1301 Clay Street<br>                 Oakland, CA 94612-5212<br><br>Complaint Filed: February 27, 2007 |

///

///

///

///

///

///

///

Notice of Motion; Motion to Dismiss First Amended Complaint                                Case No. C07-01165 SBA

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................. ii

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD ............. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................. 2

PRELIMINARY STATEMENT ............................................................ 2

STATEMENT OF ISSUES TO BE DECIDED ........................................... 3

ARGUMENT ............................................................................... 4

    I.    THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO SHOW THAT A COGNIZABLE LEGAL DUTY WAS OWED BY DEFENDANTS TO PLAINTIFF IN THIS CASE ............. 4

    II.    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ........... 6

    III.    BILL LOCKYER, THE FORMER CALIFORNIA ATTORNEY GENERAL AND STATE'S LEAD CRIMINAL PROSECUTOR, IS SHIELDED BY ABSOLUTE PROSECUTORIAL IMMUNITY .......... 7

        A.    § 1983 - Prosecutorial Immunity ............................... 7

        B.    State Claims - Prosecutorial Immunity ........................... 8

    IV.    THE FIFTH CAUSE OF ACTION (BANE ACT) FAILS TO STATE A CAUSE OF ACTION, BECAUSE DEFENDANTS DID NOT ACT WITH "THREATS, INTIMIDATION OR COERCION" OR ANY DISCRIMINATION .......................... 8

CONCLUSION ............................................................................. 9

# TABLE OF AUTHORITIES

**Page**

**Cases:**

*Anderson v. Creighton*
483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Angelucci v. Century Supper Club*
41 Cal.4th 160 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Austin B. v. Escondido Union School Dist.*
149 Cal.App.4th 860 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Balistreri v. Pacifica Police Dep't.*
901 F.2d 696 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Burke v. Johnston*
452 F.3d 665 (7th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Farmer v. Brennan*
511 U.S. 825 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hydrick v. Hunter*
466 F.3d 676 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Imbler v. Pachtman*
424 U.S. 409 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ingram v. Flippo*
74 Cal.App.4th 1280 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*People v. North*
(2003) 112 Cal.App.4th 621 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5, 7

*Saucier v. Katz*
533 U.S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**TABLE OF AUTHORITIES (CONTINUED)**

**Page**

**Codes and Statutes;**

42 U.S.C.
    § 1983 .................................................................... 1, *passim*

California Civil Code
    § 51 ............................................................................... 9
    § 52 ........................................................................ 1, 3, 8-9
    § 52.1 ...................................................................... 1, 3, 9

California Penal Code
    § 290(f)(1) ................................................................ 2, 4, 7
    § 290(g)(2) ..................................................................... 2

Government Code
    § 821.6 ......................................................................... 8

**Rules:**

Fed.R. Civ. P.
    Rule 12(b)6 .................................................................... 4.

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 30, 2007, at 1:00 p.m. or as soon thereafter as counsel may be heard in Courtroom 3 of the above entitled court, located at the Federal Building, 1301 Clay Street, 3rd Floor, Oakland, California, defendants former Attorney General Bill Lockyer, former CDCR Director Richard Rimmer, and former Mule Creek State Prison Warden Roseanne Campbell will and hereby do move this Court for an order under Federal Rules of Civil Procedure, Rule 12 (b), dismissing the entire First Amended Complaint for lack of subject matter jurisdiction and because the First Amended Complaint fails to state a claim upon which relief may be granted for the following specific reasons:

1. The Complaint fails to allege sufficient facts to show that a cognizable legal duty was owed by the defendants to plaintiff in this case.

2. Defendants Lockyer, Rimmer and Campbell are entitled to qualified immunity.

3. Defendant Lockyer, as California Attorney General, is shielded from liability by absolute prosecutorial immunity.

4. The Fifth Cause of Action for violation of California civil rights (Bane Act, Cal. Civil Code §§52, 52.1) fails to allege sufficient facts to state a cause of action.

This motion will be based on this notice of motion; the attached memorandum of points and authorities filed in support thereof; on such oral and documentary evidence as shall be introduced at the time of the hearing; and on all papers and pleadings on file herein.

Dated: September 12, 2007.

    EDMUND G. BROWN JR, Attorney General
    of the State of California
    TYLER B. PON
    Supervising Deputy Attorney General

    /s/ *Wil Fong*
    _____
    WIL FONG
    Deputy Attorney General

    Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES
## PRELIMINARY STATEMENT

This 42 U.S.C. § 1983 action for damages arises from plaintiff William Henry Cousins' incarceration as a California state prisoner. Cousins alleges that on January 12, 2000, he was convicted in Santa Clara County of violating California Penal Code § 290(g)(2) (failure to properly register as a sex-offender), based on his failing to inform law enforcement of a change of his residence as required under Penal Code § 290(f)(1). His conviction resulted in the trial court imposing an indeterminate sentence of 25 years to life, and Cousins was placed in the custody of the CDCR at Mule Creek State Prison.

Cousins appealed. The California Court of Appeal, Sixth Appellate District, affirmed Cousins' conviction on November 1, 2002, and denied his petition for rehearing on November 25, 2002. Cousins petitioned for review with the California Supreme Court, and on February 2, 2003, the petition was denied.

Eight months later, on October 8, 2003, in an unrelated case the California Court of Appeal, First Appellate District, held in *People v. North* (2003) 112 Cal.App.4th 621, that Penal Code § 290(f)(1) was unconstitutionally vague, and therefore void. The State did not seek review of the appellate court's decision.

Subsequently, Cousins petitioned for a writ of habeas corpus based on the *North* decision. Cousins was successful, and he was released from prison approximately 1 year and 7 months after *North* was decided.

Cousins now complains by this action that former California Attorney General Bill Lockyer, former CDCR Director Richard Rimmer, and former Mule Creek State Prison (MCSP) Warden Roseanne Campbell are liable to him, because these individual defendants did not seek Cousins' release from prison after the court of appeals in *North* found Penal Code § 290(f)(1) to be void.

Cousins' First Amended Complaint contains seven causes of action against all defendants:

1. § 1983 - Violation of Due Process (First Cause of Action),

2.  § 1983 - Unreasonable Seizure (Second Cause of Action),

3.  § 1983 - Cruel and Unusual Punishment (Third Cause of Action),

4.  State law False Arrest and Imprisonment (Fourth Cause of Action),

5.  Bane Act, Cal. Civil Code §§ 52.1 & 52 - Violation of California Civil Rights (Fifth Cause of Action),

6.  State law Negligent Infliction of Emotional Distress (Sixth Cause of Action), and

7.  State law Negligence (Seventh Cause of Action).

For the reasons discussed below, defendants now move to dismiss the First Amended Complaint for lack of subject matter jurisdiction and because the First Amended Complaint fails to state a claim upon which relief may be granted.

**STATEMENT OF ISSUES TO BE DECIDED**

This motion to dismiss presents the following issues to be decided:

1.  Does the First Amended Complaint fail to state a claim because plaintiff has failed to allege sufficient facts to state a cognizable legal duty in this case?

2.  Are defendants Lockyer, Rimmer and Campbell entitled to qualified immunity, because it was not, and is not, clearly established that their alleged conduct was unlawful?

3.  Is defendant Lockyer, in his former role as former California Attorney General, shielded from liability by absolute prosecutorial immunity?

4.  Does plaintiff's Bane Act claim (Fifth Cause of Action) fail to state a cause of action, because defendants did not act with the requisite "threats, intimidation, or coercion" or discrimination?

Defendants submit that the answer to the questions presented is "yes," and, accordingly, the Court should grant this motion to dismiss.

///

///

///

///

///

**ARGUMENT**

**I.**

**THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO SHOW THAT A COGNIZABLE LEGAL DUTY WAS OWED BY THE DEFENDANTS TO PLAINTIFF IN THIS CASE**

A complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6) if it fails to set forth a cognizable legal theory, or it fails to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Here, plaintiff's First Amended Complaint attempts to premise liability against the defendants solely on the ground that the state court of appeals in *North*, a case unrelated to plaintiff's case, determined that Penal Code § 290(f)(1) was unconstitutionally void for vagueness. Plaintiff contends that the court's decision in *North* makes former Attorney General Bill Lockyer, former CDCR Director Rimmer, and former MCSP Warden Campbell liable, because these defendants failed to personally "track" court decisions to determine when Penal Code sections may become invalidated; failed to personally determine if court decisions might affect other inmates in unrelated cases; and failed to notify the state's trial courts of court decisions that invalidate Penal Code sections. (First Amended Complaint, ¶¶ 14, 15, 16.)

The First Amended Complaint, however, is fatally defective, because it fails to identify any basis for a <u>legal</u> duty owed by the defendants in this case. No case law, statute or any other basis imposes a legal duty subjecting defendants to money damages for failing to "effectuate Plaintiff's release" under the facts alleged here.

As to defendant Bill Lockyer, no legal duty exists that requires the California Attorney General to personally monitor court decisions, or to initiate an investigation into any and all potential "other" cases of individuals who may be incarcerated in state prison under a Penal Code statute that a court of appeals has just declared to be unconstitutionally vague. Defendants certainly agree that every state prison inmate should be incarcerated only upon a valid legal basis. That, however, is not the same question as whether or not civil liability should be imposed on the Attorney General, the CDCR Director or a prison warden, solely because these individuals did not personally monitor changes in the law and track which inmates may be

4

affected by those changes.

Plaintiff further alleges that defendant Lockyer personally "knew or should have known that the court's ruling [in *North*] overturned the statute on which Mr. Cousins was convicted and incarcerated," and that defendant Lockyer should have informed the trial court and CDCR officials of the change in the law. (First Amended Complaint, ¶ 15.) This allegation, though, fails to state a proper claim. First, plaintiff fails to allege sufficient facts to show how it is that Lockyer, as the Attorney General, either knew or should have known that the *North* decision applied to plaintiff Cousins' specific case. Second, the mandatory monitoring and locating of all possibly-affected state prison inmates whenever an appellate court decision changes the law, that plaintiff suggests, simply is not a duty imposed by law on the individual holding the position of California Attorney General. Third, no legal or factual basis exists to find that the Attorney General owes plaintiff a duty to notify CDCR officials whenever there is a change in the law.

With regards to defendants former CDCR Director Rimmer and former MCSP Warden Campbell, plaintiff alleges that these individuals are personally liable, because they had a duty (1) "to discover when statutes in the Penal Code are invalidated," and (2) "to discover who was incarcerated under the invalid statute," and (3) "to inform the trial court that Plaintiff's sentence was no longer authorized by law." (First Amended Complaint, ¶ 16.) Again, plaintiff fails to identify any cognizable legal basis for any such alleged duty.

Importantly, this is not a case where the defendants were specifically informed by Court order, counsel, plaintiff, or anyone else that plaintiff Cousins was being incarcerated under a Penal Code section that was declared unconstitutional, and that defendants were then deliberately indifferent to plaintiff Cousin's plight. See *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006) (holding incarceration beyond sentence gives rise to § 1983 liability only if product of deliberate indifference); and *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding deliberate indifference shown only if individual defendants actually knew of inmate's situation and risk of harm, yet failed to take reasonable steps to correct it).

Because plaintiff's First Amended Complaint does not set forth any cognizable legal theory, or facts to support a cognizable legal duty owed, it is improper and subject to dismissal.

## II.

## **DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY**

Even assuming that a legal duty exists, defendants are entitled to qualified immunity from plaintiff's § 1983 claim, because plaintiff cannot show that any constitutional right that may have been violated was clearly established in law. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

State actors are entitled to qualified immunity from a § 1983 suit unless the plaintiff can establish both (1) that a constitutional right was violated on the facts alleged, and (2) that the constitutional right violated was clearly established. *Id.*, at 201. To be "clearly established," the contours of the right must be "sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right." *Id.*, at 202 (emphasis added) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). In other words, the unlawfulness of the official's conduct must have been apparent in light of existing law. *Anderson v. Creighton*, supra, 483 U.S. at 641.

Qualified immunity is a threshold question that may be decided on a motion to dismiss. *Hydrick v. Hunter*, 466 F.3d 676, 694 (9th Cir. 2006).

In the case at bar, plaintiff cannot show that it was "sufficiently clear" that the defendants' alleged conduct in this case was unlawful. Existing law did not clearly establish that it is unlawful (1) for the Attorney General to not personally monitor the outcome of state appellate court arguments in which the Attorney General's Office participates, (2) for the Attorney General to not notify the CDCR and trial courts of a change in law arising from an appellate court decision, (3) for the Director of the CDCR and state prison wardens to not "discover when statutes in the Penal Code are invalidated," or (4) for these defendants to not investigate which inmates in state custody would have their sentences affected by a court ruling in another inmate's unrelated case.

Because defendants Lockyer, Rimmer and Campbell did not violate any constitutional right that was clearly established, these defendants are entitled to qualified immunity.

///

///

1  ///

## III.

### BILL LOCKYER, THE FORMER CALIFORNIA ATTORNEY GENERAL AND STATE'S LEAD CRIMINAL PROSECUTOR, IS SHIELDED BY ABSOLUTE PROSECUTORIAL IMMUNITY

**A.    § 1983 - Prosecutorial Immunity**

A state prosecuting attorney, acting within the scope of his duties in pursuing a criminal prosecution and in presenting the State's case, is absolutely immune from civil liability under § 1983 for alleged deprivations of the accused's constitutional rights. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Prosecutorial immunity is absolute, and bars the bringing of the suit at the outset. *Id.*, at 419, fn. 13, and 424.

Prosecutorial immunity arises most often when a criminal defendant complains of a prosecutor's decision to initiate criminal prosecution or of the manner in which evidence was presented or withheld by the prosecutor during trial. *Id.*, at 421. However, as the Supreme Court noted in *Imbler*, prosecutorial immunity also applies when a criminal defendant complains of a state prosecutor's post-conviction ethical obligation "to inform the appropriate authority of after-acquired or other information that casts doubt upon the correctness of the conviction." *Id.*, at 427, fn.25. As long as the state attorney acts within the scope of his role as "advocate for the State" and his actions were "intimately associated with the judicial phase of the criminal process," immunity applies as a complete bar to civil liability. *Id.*, at 430-431.

Here, plaintiff complains that since the California Attorney General's Office handled the *North* appeal which invalidated Penal Code § 290(f)(1), defendant Lockyer is now liable, because he did not, after *North* was decided, locate plaintiff and seek his release from the CDCR. As discussed in Argument I. above, plaintiff has failed to identify any <u>legal</u> duty owed by defendants to seek plaintiff's release based solely on the court of appeal's determination in another case that Penal Code § 290(f)(1) was void.

Even if such a legal duty existed, defendant Lockyer's efforts to seek plaintiff's post-conviction release, a release which could only be accomplished by petitioning the court for an order directing such a release, would be conduct that is wholly within the scope of defendant

1  Lockyer's role as prosecutor and advocate for the state.  Taking steps to advocate for the release
2  of a convicted inmate because the Attorney General has acquired post-conviction information
3  "that casts doubt upon the correctness of the conviction" can only be characterized as an integral
4  part of the prosecutorial and judicial process.  Accordingly, absolute prosecutorial immunity
5  applies to defendant Lockyer, and shields him from this action.

6  **B.     State Claims - Prosecutorial Immunity**

7  As to plaintiff's state law claims, defendant Lockyer is immune from liability under
8  Government Code § 821.6, which provides that:

> A public employee is not liable for injury caused by his instituting or prosecuting
> any judicial or administrative proceeding within the scope of his employment,
> even if he acts maliciously and without probable cause.

11  Under California law, the prosecutorial immunity provided in § 821.6 is "given an
12  'expansive interpretation' in order to best further the rationale of the immunity, that is to allow
13  the free exercise of the prosecutor's discretion and protect public officers from harassment in the
14  performance of their duties."  *Ingram v. Flippo*, 74 Cal.App.4th 1280, 1292 (1999).  The
15  immunity applies to both pre- and post-conviction conduct by the state prosecutor, as long as
16  there is a "causal relationship" between the complained-of conduct and the prosecution process.
17  *Id.*, at 1292-1293.

18  As set forth above, defendant Lockyer's alleged failure in this case to seek plaintiff's
19  post-conviction release is directly related to the prosecution process resulting in plaintiff's
20  incarceration.  Defendant Lockyer, therefore, is immune from liability.

**IV.**

**THE FIFTH CAUSE OF ACTION (BANE ACT) FAILS TO
STATE A CAUSE OF ACTION, BECAUSE DEFENDANTS DID
NOT ACT WITH "THREATS, INTIMIDATION OR COERCION"
OR ANY DISCRIMINATION**

25  California Civil Code §52 provides a damages action against any person who "denies,
26  aids or incites a denial, or makes any discrimination or distinction contrary to [Civil Code]
27  Section 51" and its subsections.  Section 51, et seq., (known as the Unruh Civil Rights Act)
28  prohibits discrimination and unequal treatment based on the specified protected classifications of

8

sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation. Section 52 is the enforcement provision for the Unruh Civil Rights Act's ban on unlawful discrimination. See *Angelucci v. Century Supper Club*, 41 Cal.4th 160, 166-167 (2007) (discussing nature of Civil Code §52).

California Civil Code §52.1 (known as the Bane Act), permits a damages action against "a person [who]... interferes by <u>threats, intimidation or coercion</u> ... with the exercise or enjoyment" of another individual's Constitutional or other legal rights. (Emphasis added.) In order to state a proper cause of action under the Bane Act, a plaintiff must allege facts to show that the defendant acted with "threats, intimidation or coercion." *Austin B. v. Escondido Union School Dist.*, 149 Cal.App.4th 860, 882-883 (2007). As the court of appeals explained in *Austin*, "a defendant is liable [under the Bane Act] if he or she interfered with the plaintiff's constitutional rights by the <u>requisite threats, intimidation or coercion</u>." *Id.,* at 882 (emphasis added). "The essence of a Bane Act claim is that the defendant, <u>by the specified improper means (i.e., "threats, intimidation or coercion")</u>," violated the plaintiff's rights under the law. *Id.,* at 883 (emphasis added).

Here, plaintiff has not alleged, and cannot allege, that defendants Lockyer, Rimmer or Campbell at anytime acted with threats, intimidation or coercion towards plaintiff. Nor has plaintiff alleged any facts to show that any of these defendants denied plaintiff any right based on his sex, race, color, religion, or any other protected classification encompassed by Civil Code §52. Without alleging facts to show the requisite "threats, intimidation or coercion" or discrimination, plaintiff's Fifth Cause of Action fails to properly state a cause of action and is subject to dismissal.

**CONCLUSION**

The First Amended Complaint fails to identify the existence of any cognizable legal duty owed under the facts of this case that would give rise to liability for money damages against defendants Bill Lockyer, Richard Rimmer, and Roseanne Campbell.

Even if plaintiff alleged sufficient facts to show the existence of a constitutional duty, defendants Lockyer, Rimmer and Campbell are entitled to qualified immunity from plaintiff's

1  §1983 claims.

2  Further, as to defendant Bill Lockyer, the former California Attorney General is shielded
3  from liability by absolute prosecutorial immunity.

4  Finally, plaintiffs Fifth Cause of Action (Bane Act) fails because defendants did not act
5  at anytime against plaintiff with any "threats, intimidation or coercion" or discrimination.

6  For these reasons, defendants respectfully urge the Court to grant this motion, and to
7  dismiss plaintiff's First Amended Complaint.

8  Dated: September 12, 2007.

EDMUND G. BROWN JR., Attorney General
 of the State of California
TYLER B. PON
Supervising Deputy Attorney General

 /s/ *Wil Fong*

WIL FONG
Deputy Attorney General

Attorneys for Defendants